UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TREO STAFFING, LLC

VERSUS

AXIS SURPLUS INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NO. 15-332-JJB-RLB

**RULING**

This matter is before the Court on a Motion for Summary Judgment (Doc. 20) brought by the defendant, AXIS Surplus Insurance Company ("AXIS" or "insurer"). The plaintiff, Treo Staffing, LLC ("Treo" OR "insured"), filed an opposition (Doc. 23) and the defendant filed a reply brief (Doc. 24). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED**.

**I.    BACKGROUND**

The following facts are undisputed. Treo is a labor staffing company that furnishes workers to its customers and is responsible for providing paychecks to the workers. From April 13, 2012, until April 13, 2014,[1] AXIS provided coverage to Treo under a professional liability policy. On October 24, 2014, the United States Department of Labor ("DOL") advised Treo that one of its policies violated the Fair Labor Standards Act ("FLSA") (hereinafter "DOL claim"). Treo subsequently entered into a consent decree with DOL, under which Treo will be required to pay workers approximately $600,000 in back overtime. On November 5, 2014, Treo submitted a claim

---

[1] The policy period covered April 13, 2013 to April 13, 2014; the policy was retroactive to April 13, 2012. Treo did not purchase an Extended Reporting Period for this policy.

1

to AXIS for coverage related to the alleged FLSA violations, which AXIS denied. According to AXIS, the threshold requirements for coverage under the policy were not met. The policy states:

> The Insurer will pay on behalf of the Insured all sums, in excess of the Deductible and within the applicable Limit of Liability, which the Insured becomes legally obligation to pay as Damages or Claim Expenses resulting from any covered Claim *first made against the Insured and reported to the Insurer in writing during the Policy Period or Extended Reporting Period*, if applicable, for any Wrongful Act of the Insured . . . .

*AXIS Ins. Pol'y* 1, Doc. 20-3 (emphasis added).

Treo filed suit in Louisiana state court alleging that AXIS breached its duty to provide coverage in relation to the alleged FLSA violations, and that AXIS acted in bad faith in denying the claim.[2] The defendants removed the case to this Court. *Notice of Removal*, Doc. 1. AXIS now brings the instant motion arguing that it is entitled to summary judgment on Treo's claims because it owes no obligation to Treo in connection with the DOL claim and, therefore, it owes no obligation for statutory penalties in connection with its handling of that claim. *Def.'s Supp. Mem.* 1–2, Doc. 20-1.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving

---

[2] Treo also named National Union Fire Insurance Company of Pittsburg, PA as a defendant in this case. This motion was brought solely by defendant AXIS.

party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

**III. DISCUSSION**

AXIS argues that it is entitled to summary judgment because the claim for which Treo is suing AXIS on—the DOL claim—was not made against Treo and was not reported to AXIS during the policy period, as required by the terms of the AXIS policy. *Def.'s Supp. Mem.* 1, Doc. 20-1. Treo contends, however, that the provision in the AXIS policy limiting coverage to claims made within the policy period is void pursuant to La. R.S. 22:868. *Pl.'s Opp'n* 5, Doc. 23.

According to the terms of the AXIS policy, two triggering events must occur within the policy period (i.e. between April 13, 2012 and April 13, 2014) in order for coverage to attach: (1) the claim must first have been made against the insured; and (2) the claim must have been reported to AXIS in writing. *AXIS Ins. Pol'y* 1, Doc. 20-3. There is no dispute that the DOL claim was made and reported after the policy period, and thus AXIS owed no coverage. *Def.'s Supp. Mem.* 3, Doc. 20-1; *Pl.'s Opp'n* 3–4, Doc. 23.

Instead, the issue is whether the policy provision discussed above is void pursuant to La. R.S. 22:868, which prohibits an insurance contract from containing "any condition, stipulation, or agreement limiting right of action against the insurer . . . to a period of less than one year from the

3

time when the cause of action accrues . . . ." La. R.S. 22:868. When determining whether an insurance contract is void pursuant to La. R.S. 22:868, the court will consider whether the policy is a "claims-made" or "occurrence" policy. *See Anderson v. Ichinose*, 760 So. 2d 302 (La. 1999). The Louisiana Supreme Court highlighted the distinction between these two policy types:

> The major distinction between the "occurrence" policy and the "claims made" policy constitutes the difference between the peril insured. In the "occurrence" policy, the peril insured is the "occurrence" itself. Once the "occurrence" takes place, coverage attaches even though the claim may not be made for some time thereafter. While in the "claims made" policy, it is the making of the claim which is the event and peril being insured and, subject to policy language, regardless of when the occurrence took place.

*Id.* at 305 (quoting Sol Kroll, *The Professional Liability Policy "Claims Made"*, 13 FORUM 842, 843 (1978)).

In *Hood v. Cotter*, the court broadly held that "'claims-made' policies are not *per se* impermissible as against public policy." 5 So. 3d 819, 825 (La. 2008) (citing *Anderson*, 760 So. 2d 302; *Livingston Par. Sch. Bd. v. Fireman's Fund Am. Ins. Co.*, 282 So. 2d 478 (La. 1973)). In regards to the specific "claims-made" policy at issue in the case,[3] the court found that the policy "denies coverage for the plaintiff's claim, but *does not limit plaintiff's right of action against the insurer in violation of La. R.S. 22:[868]*."[4] *Id.* at 820 (emphasis added). The court went on to say that viewing the "claims-made" policy as limiting plaintiff's right of action "would effectively convert a claims-made policy into an occurrence policy and change the bargained-for exchange between the insurer and the insured. . . . [W]e do not interpret La. R.S. 22:[868] as prohibiting

---

[3] The policy provided coverage for "[a]ll sums which the insured shall become legally obligated to pay as damages because of injury, to which this insurance applies . . . which occurs *subsequent to the retroactive date [of January 1, 1997], and for which claim is first made against the insured and reported to the Company during the policy period*." *Hood v. Cotter*, 5 So. 3d 819, 821 (La. 2008) (alteration in original) (emphasis added).

[4] The court in *Hood* evaluated the terms of La. R.S. 22:629, which has since been renumbered as La. R.S. 22:868.

4

claims-made policy provisions that makes coverage dependent upon a claim being first made and reported during the policy period." *Id.* at 830.[5]

In this case, there is no genuine dispute concerning any material fact and therefore judgment as a matter of law is appropriate. The AXIS policy at issue in this case is a "claims-made" policy that is substantially similar to the "claims-made" policy the court upheld in *Hood*. Specifically, both policies limited coverage to claims which were made and reported during the policy period. According to Louisiana precedent, such policy limitations mandate the *scope of coverage*, but do not *limit plaintiff's right of action*, and therefore, such limiting language does not violate the terms of La. R.S. 22:868. Thus, summary judgment is appropriate in this case because the undisputed facts and controlling Louisiana law require a finding that no coverage exists under the policy for the DOL claim.

Because, as a matter of law, no coverage is owed for the DOL claim, AXIS cannot be found to have acted in bad faith in denying such coverage. Therefore, ASIX is also entitled to summary judgment on Treo's claim for statutory penalties under Louisiana law.

---

[5] Treo attempted to distinguish *Hood v. Cotter* on several factual grounds. *Pl.'s Opp'n* 4–5, Doc. 23. The language of *Hood*, however, is broad and does not focus on the specific facts of the case. Rather, the court focused on the terms of the "claims-made" policy, and based its holding on the conclusion that such terms act to limit the scope of coverage but do not act to restrict the rights of action. *See Hood*, 5 So. 3d at 830 ("[T]he event that triggered policy coverage simply did not occur during the policy period. La. R.S. 22:[868], which does not mandate coverage, but prohibits any condition, stipulation or agreement in an insurance contract from limiting a right of action against the insurer to a period of less than one year from the time when the cause of action accrues, was not violated as the claims-made coverage provision did not impermissibly limit plaintiff's cause of action."); *see also Gorman v. City of Opelousa*, 148 So. 3d 888, 897 (La. 2014) ("Louisiana R.S. 22:868 simply does not mandate coverage where none exists." (citing *Hood*, 5 So. 3d at 830)). The Court notes that although Treo attempted to distinguish AXIS's reliance on *Hood v. Cotter*, Treo did not cite to any cases supporting its claim that the "claims-made" policy at issue violates La. R.S. 22:868. *See Pl's Opp'n*, Doc. 23.

**IV.    CONCLUSION**

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED.**

Signed in Baton Rouge, Louisiana, on March 10, 2016.

                                         **JUDGE JAMES J. BRADY**
                                         **UNITED STATES DISTRICT COURT**
                                         **MIDDLE DISTRICT OF LOUISIANA**