UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

TREO STAFFING, LLC

CIVIL ACTION

VERSUS

NO. 15-332-JJB-RLB

AXIS SURPLUS INSURANCE
COMPANY, ET AL.

## RULING

This matter is before the Court on a Motion for Summary Judgment (Doc. 26) brought by the defendant, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The plaintiff, Treo Staffing, LLC ("Treo Staffing"), filed an opposition (Doc. 28) and the defendant filed a reply brief (Doc. 33).[1] Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED**.

## I.    BACKGROUND

Treo Staffing, LLC is in the business of supplying employees to its clients. Treo Staffing handles the payment of these employees. As a result of its failing to properly calculate and pay overtime wages under the Fair Labor Standards Act (FLSA), the Department of Labor (DOL) has demanded that Treo Staffing pay $ 595,301 in unpaid wages to its employees. The violations for which Treo Staffing was reprimanded occurred between July 4, 2012, and July 3, 2014. *Def.'s Supp. Mem* 2-3, Doc. 26-2.

National Union issued an insurance policy to Treo Staffing with a policy period of April 13, 2014 to April 13, 2015. *Def.'s Supp. Mem* 4, Doc. 26-2. The policy provides coverage to the insured for "those sums that the **Insured** is legally obligated to pay as **Damages** because of a

---

[1] The plaintiff's Motion for Leave to File Sur-reply (Doc. 34) is **GRANTED**. The Court has considered the sur-reply (Doc. 34-1) in deciding this motion.

**Claim** against the **Insured** or any other entity for whom the **Insured** is legally liable by reason or a **Wrongful Act** to which this insurance applies." *Ins. Policy,* Doc. 26-8, at 16. The contract stipulates that, for there to be coverage, the wrongful act must first occur during the policy period. *Id.*

After Treo Staffing agreed with the DOL to pay its employees for the owed overtime payments, Treo Staffing demanded coverage from National Union. National Union refused coverage, and Treo Staffing filed this suit against National Union in order to recover under the insurance policy and to recover statutory damages under La. R.S. 22:1973 and 22:1892. National Union filed the instant motion for summary judgment.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not

satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991). If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322–23.

## III.  DISCUSSION

National Union has moved for summary judgment on: (A) the issue of liability under the insurance policy; and (B) the issue of bad faith damages under La. R.S. 22: 1892 and 1973.

### A.    Liability Under the Policy

In Louisiana, the party seeking to establish insurance coverage has the burden of proof to show that the claim falls within their policy. *See Tunstall v. Stierwald*, 809 So. 2d 916, 921 (La. 2002); *Barber v. Best*, 394 So. 2d 779 (La. Ct. App. 1981); *see also, Martco L.P. v. Wellons, Inc.*, 588 F.3d 864, 883 (La. Ct. App. 2009). The burden of proving the applicability of an exclusion lies with the insurer. *Doerr v. Mobil Oil Corp.*, 774 So. 2d 119, 124 (La. 2000).

Interpretation of an insurance contract is a question of law. *Minor v. Cas. Exch.*, 700 So. 2d 951, 953 (La. Ct. App. 1997). An insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code. *Edwards v. Daugherty*, 883 So. 2d 932, 941–42 (La. 2004) (citations omitted). The judiciary's role in interpreting insurance contracts is to ascertain the common intent of the parties to the contract. *See* La. Civ. Code art. 2045; *Edwards*, 883 So. 2d at 941–42. Words and phrases used in an insurance policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. *See* La. Civ. Code art. 2047;

*Edwards*, 883 So. 2d at 941–42. If the policy wording at issue is clear and unambiguously expresses the parties' intent, the insurance contract must be enforced as written. *Edwards*, 883 So. 2d at 941–42. Courts lack the authority to alter the terms of insurance contracts under the guise of contractual interpretation when the policy's provisions are couched in unambiguous terms. The determination of whether a contract is clear or ambiguous is a question of law. *Id.*

National Union argues that Treo Staffing's "wrongful act" did not first occur within the policy period, and therefore is not covered under the terms of the contract. In sum, National Union argues that the language of the insurance contract clearly and unambiguously precludes coverage for Treo Staffing's claim.[2]

In the instant case, the Court finds that the insurance contract is clear and unambiguous, and Treo Staffing's claim is not covered under the insurance contract. The contract clearly states that, for there to be coverage, the "wrongful act" must occur within the policy period. It also states that "all related **Wrongful Acts** or series of interrelated **Wrongful Acts** shall be deemed to be one **Wrongful Act** and shall be deemed to have occurred when the first of such **Wrongful Acts** occurred." *Ins. Policy,* Doc. 26-8, at 23. Treo Staffing's failure to pay proper overtime is a series of interrelated wrongful acts. Treo Staffing first failed to pay its employees the amount of overtime required by law on July 4, 2012. Accordingly, the insurance policy clearly and unambiguously deems the failure to pay overtime as one wrongful act, occurring first on July 4, 2012. The relevant

---

[2] National Union makes three other arguments in support of its motion for summary judgment. First, National Union argues that Treo Staffing's failure to pay its employees proper overtime under the Fair Labor Standards Act does not fall within the definition of "wrongful act" provided in the contract. *Def.'s Supp Mem* 7, Doc. 26-2. Second, National Union argues that Treo Staffing's statutory requirement to pay those wages does not constitute damages as defined in the insurance agreement. *Id.* at 9. Third, National Union argues that the "insured v. insured" exclusion applies. *Id.* at 12. Because the Court concludes National Union is entitled to summary judgment under the policy period argument, the Court need not address the remaining arguments.

policy period began on April 13, 2014, nearly two years after Treo Staffing commenced its series of interrelated "wrongful acts," and therefore coverage is precluded.

In opposition, Treo Staffing points to an excerpt from the exclusions section of the policy's E&O Occurrence Coverage Part. *Pls.' Opp'n.* 7, Doc 28. This section of the agreement reads that there will be no coverage for wrongful acts occurring prior to the policy effective date "if on or before the policy effective date, you knew or could have reasonably foreseen that such **Wrongful Act** . . . could give rise to a **Claim**." *Ins. Policy,* Doc. 26-8, at 22. According to Treo Staffing, this language in the exclusion creates enough ambiguity to preclude summary judgment.

The Court finds Treo Staffing's argument to be without merit. Even considering the language cited by the plaintiffs, the court finds that the clear and unambiguous language of the contract precludes coverage for this particular wrongful act. The Court cannot be persuaded to find ambiguity where none resides per *Edwards*, 883 So. 2d at 941–42.

In sum, the facts of this case show that the "wrongful act" occurred prior to the policy period, and that the clear and unambiguous language of the insurance agreement therefore precludes coverage. Accordingly, National Union's Motion for Summary Judgment (Doc. 26) is **GRANTED** as it pertains to the issue of liability under the insurance policy.

### B.      Bad Faith Damages: La. R.S. 22:1892 and 22:1973

In addition to seeking recovery under the insurance policy, Treo Staffing also asserts claims for bad faith damages pursuant to La. R.S. 22:1892[3] and 22:1973.[4] To obtain penalties or damages

---

[3] Under La. R.S. 22:1892(A)(1), an insurer in Louisiana has a duty to "pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured . . . ." A failure to pay that is "arbitrary, capricious, or without probable cause" renders an insurer liable for the resulting damages and for a statutory penalty, attorney's fees, and costs. *Id.* at 22:1892(B)(1).

[4] Under Section 22:1973(A), insurers in Louisiana owe the insured "a duty of good faith and fair dealing." An insurer breaches this duty if it fails to "pay the amount of any claim due to [the insured] within sixty days after receipt of satisfactory proof of loss . . . when such failure is arbitrary, capricious, or without probable cause." *Id.* at 22:1973(B)(5). A breaching insurer is liable for "any damages sustained as a result of the breach," *id.* at 22:1973(A), as well as potential penalties, *id.* at 22:1973(C).

under either La. R.S. 22:1892 or 22:1973, an insured must demonstrate that (1) the insurer has received satisfactory proof of loss, (2) the insurer fails to tender payment within the statutory period (either thirty or sixty days) of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious, or without probable cause. *Dominio v. Allstate Ins. Co.*, Civil Action No. 09-7348, 2010 WL 4066647, *4 (E.D. La. Oct. 15, 2010) (quoting *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112–13 (La. 2008)).

For the purposes of this ruling, the Court assumes that (1) satisfactory proof of loss was made and (2) National Union failed to tender payment within the statutory period. Therefore, the remaining issue is whether National Union's failure to pay was arbitrary and capricious. "Arbitrary and capricious" is synonymous with "vexatious," and a "vexatious refusal to pay" means "unjustified, without reasonable or probable cause or excuse." *La. Bag Co.*, 999 So. 2d at 1114. The statutes at issue "are not intended . . . to prevent insurers from disputing claims in good faith, including litigating such disputes." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 299 (5th Cir. 2009). Therefore, "[a]n insurer does not act arbitrarily and capriciously . . . when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage. *Id.* at 297–98 (citation omitted).

In this case, there is no genuine issue of material fact and no rational juror could find that National Union acted arbitrarily and capriciously. As discussed above, the clear and unambiguous language of the insurance policy precludes coverage in this case. National Union withheld payment in this case based on a genuine good faith dispute over the applicability of coverage. Moreover, the plaintiffs have utterly failed to direct the Court to any record evidence showing lack of good faith on the part of National Union. Therefore, the plaintiff has failed to properly controvert National Union's motion for summary judgment on this issue. *See Grimes*, 102 F.3d at 139–40;

6

*Larry*, 929 F.2d at 211 n.12. Accordingly, National Union's Motion for Summary Judgment (Doc. 26) is **GRANTED** as it pertains Treo Staffing's claims under La. R.S. 22: 1892 and 22:1973.

IV.    CONCLUSION

For the reasons stated above, the defendant's Motion for Summary Judgment (Doc. 26) is

**GRANTED.**

Signed in Baton Rouge, Louisiana, on July 14, 2016.

_____

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**